UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> TERRY LEE REMBERT, Pierce County Corrections; PIERCE COUNTY SHERIFF OF CORRECTIONS; JANA STEALING, Department of Child Support; and DEPARTMENT OF SOCIAL AND HEALTH SERVICES, <br><br> Defendants. | CASE NO. 3:20-cv-05331-RJB <br><br> ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE |

THIS ORDER is issued following the Court's review of the proposed complaint. Dkt. 1. Plaintiff has also filed an application to proceed *in forma pauperis* ("IFP"). Dkt. 5.

**A. Review of the Proposed Complaint.**

The Court has carefully reviewed the proposed complaint. Because Plaintiff proceeds *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE - 1

Plaintiff filed this matter on March 27, 2020. Dkt. 1. She failed to pay the filing fee or file an application to proceed IFP, and so she was given notice by the Clerk of the Court of the deficiencies. She later filed the now pending IFP application. Dkt. 5.

Her proposed complaint is a 63-page form complaint and is difficult to follow. She indicates that she is bringing the case pursuant to 42 U.S.C. § 1983, and references several constitutional amendments, including the first, fourth, fifth and fourteenth amendments. Dkt. 1. The Plaintiff states that the case "is being removed" under 28 U.S.C. §1442 "as an action against an officer of the United States," and so asserts that subject matter jurisdiction exists. *Id.*, at 5. She refers to several state court proceedings related to the dissolution of her marriage beginning in 1999, custody of her children, and child support. *Id.,* at 8-14. The Plaintiff maintains she "was retaliated for filing a complaint against Formal [sic] Husband," although it is not clear how, by whom, or when. *Id.,* at 4.

The proposed complaint references *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and states,

> Trumps Administrative Officials violating a person's constitutional rights under color of state law by threating Plaintiff Brenda Johnson differently as a African Black Woman in which Federal Laws were violated such as:
> Violating a protection law for safety and health Discrimination woman of color
> Law Violation or conspiracy to commit law violation ( a.k.a lack of conformance of the law) Abuse of Authority
> Appropriating property without due process of the law Aiding another officer to violate a rule
> The Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C § 14141.

*Id.*, at 8. In answer to the form's question of when the relevant dates took place, the proposed complaint indicates they occurred on July 25, 2014. *Id.*, at 9. Further, she seeks $75,000,000 in damages. *Id*.

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE - 2

**B. Standard on Review of a Complaint**.

Pursuant to Fed. R. Civ. P. 8 (a):

Claim for Relief. A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While the pleading standard under Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

**C. *Sua Sponte* Dismissal**

A federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE - 3

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he or she claims that each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

The proposed complaint fails to state a claim upon which relief can be granted because it fails to explain the factual bases upon which the defendants are liable. Moreover, the proposed complaint fails to state a claim upon which relief can be granted, because the action, whether it is brought under *Bivens* or §1983, is barred by the applicable three-year statute of limitations. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); *See* RCW 4.16.080(2); *Strum,* at 409. The alleged events giving rise to the harm occurred on July 25, 2014, but Plaintiff did not file the case until March 27, 2020. Plaintiff provides no explanation for the delay that would give the Court any basis to toll the applicable statute of limitations. "Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Even considering the proposed complaint with generous liberality, the Court cannot find any basis to toll the statute of limitations. Plaintiff therefore has failed to state a claim for relief upon which relief can be granted.

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE - 4

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff should be given the opportunity to cure the statute of limitations defect. By **June 12, 2020**, Plaintiff should file either a Proposed Amended Complaint or a response to this Order providing a basis to toll the statute of limitations. The failure to file either a Proposed Amended Complaint or a response to this Order will result in dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6).

The Court notes further, that this is the second time the Plaintiff has attempted to file a similar case, which was dismissed based on the statute of limitations. *Johnson v. Electronic Transactions Consultants Corp.,* Western District of Washington case number 17-6009RJB.

**D.**    **APPLICATION FOR IFP**

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Review of the Application for IFP**. In his application for IFP, the Plaintiff states that she receives a total of $3,618 a month. Dkt. 5, at 1. The Plaintiff states that she has around $55.00 in checking or savings accounts. Dkt. 1, at 2. She states that she has less than $1,000 in monthly expenses. *Id.*

**Decision on Application for IFP**. The Plaintiff's application for IFP (Dkt. 5) should be denied. While it appears that the Plaintiff has financial obligations, her income indicates that she has the funds to pay the filing fee. Accordingly, the Plaintiff should be given until June 12, 2020, to pay the filing fee in this case. Failure to do so may result in dismissal of the case.

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE - 5

\* \* \*

Accordingly, it is hereby **ORDERED** that:

- Plaintiff **IS GRANTED LEAVE** to file a proposed amended complaint or a response to this Order, in writing, by **Friday, June 12, 2020**. The failure to file either a proposed amended complaint or a response to this Order will result in dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6);

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 5) **IS DENIED;**

- If Plaintiff chooses to continue with this case, the filing fee **IS DUE** by **June 12, 2020**. Failure to pay the filing fee by June 12, 2020, may result in dismissal of the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of May, 2020.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE - 6